IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALVIN DA'VON THOMPSON                                             PETITIONER

VS.                                                  CIVIL ACTION NO 4:09cv135-DPJ-FKB

JAMES HOLMAN, et al.                                               RESPONDENTS

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Alvin Da'Von Thompson was indicted in the Circuit Court of Lauderdale County as a habitual offender for possession of cocaine with intent to sell. He was tried and convicted by a jury. Thereafter, Thompson and the state reached a sentencing agreement, pursuant to which the state agreed that it would not seek to have him sentenced as a habitual offender and would dismiss another pending charge. In return, Thompson agreed that he would file "no appeals of any type to include direct or post conviction relief in this matter." The court accepted the agreement, and on September 29, 2006, it entered an agreed order sentencing Thompson to a term of thirty years.

Thereafter Thompson filed a motion to vacate the agreed sentencing order. The trial court, construing the motion as one for post-conviction relief, denied it, and the Mississippi Court of Appeals affirmed. Thompson's petition for a writ of certiorari to the Mississippi Supreme Court was denied.

Thompson then filed the present petition seeking federal habeas relief pursuant to 28 U.S.C. § 2254 raising four grounds for relief, which have been restated and reorganized for purposes of clarity:

1. Trial counsel rendered ineffective assistance by waiving Thompson's right to a preliminary hearing, failing to investigate and failing to develop an adequate defense strategy.

2. Thompson's sentencing violated his right to due process.

3. The verdict was against the weight of the evidence.

4. There was insufficient evidence to support the verdict.

## II. ANALYSIS

Grounds one, three, and four represent challenges to Thompson's conviction. However, ground three, in which Thompson alleges that the verdict was against the weight of the evidence, does not state a cognizable claim for habeas relief. *See Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985). Thus, the cognizable habeas claims attacking Thompson's conviction consist of grounds one and four.

By the terms of his sentencing agreement, Thompson waived his right to challenge his conviction in any manner. As explained below, the undersigned concludes that this waiver foreclosed Thompson's right to challenge his conviction pursuant to 28 U.S.C. § 2254. Only if Thompson can prevail on ground two and have his sentencing agreement set aside would he then be entitled to seek relief based upon constitutional error at trial.[1] For this reason, the logical starting point in the analysis of Thompson's petition is his claim that his sentencing agreement violated due process.

---

[1] And, as stated *infra*, that challenge would necessarily begin with a direct appeal in state court, not by seeking federal relief.

**The Sentencing Agreement**

The state court of appeals considered and rejected on the merits Thompson's claim that his sentencing agreement violated his constitutional rights. This court's review of this ground two is therefore constrained by the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of Thompson's claim involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States" or "an unreasonable determination of the facts" in light of the evidence presented to the state court. *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Renico,* 130 S.Ct. at 1862 (quoting *Williams*, 529 U.S. at 409).

Thompson's statement in his petition of the factual basis of ground two is conclusory and vague. He states merely that he entered into the agreement because of threats and promises made by his attorney. In his reply to Respondents' answer, Thompson adds an allegation that neither the trial court nor his attorney ever explained to him his right to a direct appeal. A few additional details can be gleaned from Thompson's

state court filings.  In his state court motion to set aside the sentencing order, he identifies the "threats" as his attorney's statement that if he did not sign the agreement, he would be sentenced to life without parole and would never see his wife and children again.  The "promises" of which he complains are his attorney's statement that if he entered into the agreement he would not receive life without parole and would receive allotted trusty time, meritorious earned time, and a parole date.  He also claims his counsel assured him that he would serve no more than fifteen years on his sentence and would be eligible for parole consideration after five years.

There is no constitutional right to a direct appeal of a conviction.  *See Evitts v. Lucey*, 469 U.S. 387, 393 (1985).  However, where a state has created appellate courts as "an integral part of the . . . system of finally adjudicating the guilt or innocence of a defendant," the procedures by which the appeal is adjudicated must comport with due process.  *Id.*  Because in Mississippi the appellate process is a integral part of the system for adjudicating criminal cases, it follows that Thompson could not, consistent with due process, be denied his right to a direct appeal unless he voluntarily waived that right.

In considering this claim, the state trial court concluded that Thompson knowingly and intelligently waived his right to appeal or otherwise challenge his conviction and that the waiver did not violate due process.  The transcript of the sentencing hearing provides ample support for this conclusion.  At the hearing, the trial court noted that Thompson had several prior felony convictions and that the state had sought to have him sentenced as an habitual offender.  The court explained to Thompson that if he were so sentenced, he would receive life without parole.  The court also made reference to another pending

4

felony charge. Then, at the court's request, the prosecutor summarized the agreement. She stated that under the agreement, Thompson would be sentenced to thirty years, not as an habitual offender, and thus it would be up to MDOC to determine how much of his sentence he would actually serve. Also, pursuant to the agreement, the other pending felony matter would be dismissed.[2] The prosecutor stated specifically that Thompson was giving up his right to a direct or indirect appeal or post-conviction relief. In response to questions by the court, Thompson affirmed that he understood the terms of the agreement. Thompson provided the state court with no affidavits or other sworn statements supporting his claim that his attorneys had misled him about the time he would serve.

On appeal, Thompson stated the issues regarding his sentencing agreement somewhat differently than he had in his motion to vacate. His argument that his waiver was not valid was included as part of his ineffective assistance claim; specifically, he stated that his decision was the result of his attorney's bad advice. As a wholly separate issue, he argued that a waiver of the right to appeal or seek post-conviction relief was inherently violative of due process. The court of appeals rejected both of these arguments.

Whether considered as an ineffective assistance claim, or as strictly a matter of due process, Thompson's attempt to set aside his sentencing agreement fails. The state court's conclusion that Thompson understood and knowingly and voluntarily waived his right to challenge his conviction and was not coerced or misled by his counsel was not

---

[2]In its order denying post-conviction relief, the trial court noted that Thompson faced a sentence of sixty years or possibly life on this other charge.

5

unreasonable in light of the evidence. Furthermore, he has failed to establish that the state court's decision constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), or of any other clearly established Supreme Court law.[3] Thompson is not entitled to habeas relief on his claim that his sentencing agreement violated due process.[4]

## Claims Challenging Thompson's Conviction

In his initial motion for post-conviction relief, Thompson sought only to set aside the sentencing agreement. Subsequently, however, he filed a motion to amend to include additional claims, including claims of ineffective assistance of counsel prior to and during trial, and claims that the verdict was against the weight of the evidence and insufficient to support the verdict. There is no indication in the record of the disposition of the motion to amend. In its order denying relief, the trial court discussed Thompson's claim of

---

[3]Plaintiff has failed to even approach the formidable showing required for success on a *Strickland* claim subject to § 2254(d). The standard of review for ineffective assistance claims previously adjudicated on the merits is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), in that deference is given to both the attorney's performance and the state court's determination regarding that performance. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Harrington v. Richter,* 131 S.Ct. 770, 788 (2011). Thompson has wholly failed to show that there is *no* reasonable argument that his counsel rendered constitutionally sufficient performance.

[4]It is worth noting the extent to which Thompson benefitted from the sentencing agreement negotiated by his counsel. Thompson had been convicted by a jury and was facing a sentence of life without parole in the instant cause. He was also facing the possibility of sixty years to life without parole in his other proceeding. Instead, he received one thirty-year sentence. According to the sentence computation record attached to Respondents' answer, Thompson will be eligible for parole on June 21, 2015, or even earlier if he earns additional good-time credits.

6

ineffective assistance of trial counsel, but went on to state that this claim was barred because it was not within the scope of the motion, which the court interpreted as seeking only to vacate the agreed sentencing order. No mention was made of Thompson challenges to the evidentiary basis of the verdict.

Thompson included these challenges to his conviction in his appeal of the denial of post-conviction relief. At this point, the procedural waters began to cloud. Logically, one would expect that because the court of appeals affirmed the trial court's refusal to set aside Thompson's agreement not to challenge his conviction, the appellate court would never have considered Thompson's claims alleging constitutional error at trial. And, if such had been the case, the undersigned would likely have concluded that those claims were procedurally barred and federal review precluded for that reason. However, the appellate court's handling of Thompson's challenges to his conviction did not follow the most logical course. Rather, the Mississippi Court of Appeals considered all of Thompson's ineffective assistance claims, including those of ineffective assistance prior to and during the trial, and rejected them summarily based upon the vagueness of Thompson's allegations and his failure to articulate any prejudice. As to Thompson's challenges to the evidentiary basis of the verdict, the court held that these claims were procedurally barred pursuant to Code Ann. § 99-39-21(2), which prohibits the raising of a post-conviction claim that has already been determined at trial and on appeal. The court went on to note, alternatively, that Thompson had failed to present a record supporting his claims.[5]

---

[5]Because Thompson never filed a direct appeal of his conviction or sentence, the record of the trial was never transcribed. Thompson made a request to the trial

7

The appellate court's disposition of grounds one and four presents an unusual situation. Ground one was adjudicated on the merits by the state court. Such adjudication would normally result in federal review of the merits of the claim, subject to the deferential standard of 28 U.S.C. § 2254(d). Ground four, on the other hand, was held by the state court to be procedurally barred. Where a state court denies a claim pursuant to an adequate state procedural rule, federal review of the merits of the claim is normally foreclosed. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, as Respondents point out, the procedural bar relied upon by the state appellate court, Miss Code Ann. § 99-39-21(2), was clearly not adequate to support the court's determination of the claim, for the reason that the claim had not been determined on direct appeal. Thus, the *Coleman* rule does not prohibit federal review. Accordingly, if this were a typical habeas case, federal review of the merits of both of these claims would be warranted.

But this is not a typical habeas case. Regardless of how or why the state court reviewed Thompson's claims concerning his trial, the fact remains that Thompson had previously *waived* his right to present those claims either on direct appeal or in any post-conviction proceeding. The undersigned is aware of no reason why that waiver should not be effective to bar federal review. As another court has observed, "Most federal rights are subject to waiver if the waiver is knowingly and intelligently given . . . and the right to federal habeas corpus review of a state court conviction should be treated the same way."

---

court to supplement the record for his appeal of the denial of post-conviction relief, but the court denied the request on the basis that the order denying relief had addressed only the issue of whether the sentencing agreement should be set aside, not any issues regarding the trial. Thompson then filed a motion with the court of appeals seeking this same relief, but the motion was denied.

8

*Cross v. Perez*, 823 F.Supp.2d 142, 149 (E.D.N.Y. 2011) (citing *Johnson v. Zerbst*, 304 U.S.458, 463-64 (1938)). Federal review of Thompson's conviction would be available if, and only if, Thompson's sentencing agreement and waiver were set aside. And even then, Thompson would be entitled - and required - to pursue a direct appeal in state court before seeking federal relief. The undersigned has concluded that Thompson has established no basis for relief from his sentencing agreement and its waiver. It follows that federal review of Thompson's conviction is foreclosed.

### III.  CONCLUSION

The state court's determination that Thompson waived his right to a direct appeal or to collateral review of his conviction was neither an unreasonable application of clearly established Supreme Court law, nor was it based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, Thompson is not entitled to relief on ground two. Ground three fails to state a claim for federal review. Federal review of grounds one and four is unavailable because Thompson made a valid waiver of his right to such review. For these reasons, the undersigned recommends that the petition be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th

Cir. 1996).

Respectfully submitted, this the 16th day of January, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE